IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY FORD,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DIRECTOR WALKER, JOHN EVANS,** )<br>**ASST. WARDEN WILSON, R.K.** )<br>**McWILLIAMS, ASST. WARDEN** )<br>**FLAGG, LT. DEEN, C/O McBRIDE, LT.** )<br>**BRADLEY, JACKIE MILLER, B. LIND,** )<br>**DEAN BLADES, LT. BEBOUT, C/O** )<br>**FERNANDEZ, C/O FRIEMAN, B.** )<br>**PICKERING, T. KISRO, UNKNOWN** )<br>**BUSINESS OFFICE SUPERVISOR,** )<br>**U N K N O W N   P L A C E M E N T** )<br>**SUPERVISOR, C/O KELLY, OFFICER** )<br>**WILBER, GENE PURCELL, LT.** )<br>**TOWNSLEY, R. LUTZ, LT. POTTS, C.** )<br>**WHEELAN, SHERRY BENTON, G.** )<br>**JAMES, ROBERT A. DAVENPORT and** )<br>**BRETT A. KLINDWORTH,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 05-585-WDS** |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has divided his amended complaint into six separate counts. More than one claim is presented in each count, and Plaintiff's allegations ramble – he provides great detail in some areas, yet leaves gaping holes in others. After carefully reading the complaint and reviewing all exhibits filed in this matter, the Court has gleaned a chronology of events, as discussed below within the context of each numbered

count.

The amended complaint is now before the Court for a preliminary review of the pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

*Incident on February 15, 2005*

In his first claim, Plaintiff states that on February 15, 2005, he was suffering from diarrhea due from medication taken to treat his HIV condition. An officer left him unattended near the Clothing Unit, when he suddenly felt the need to use the bathroom. He wandered toward the Health Care Unit in search of a bathroom, and he encountered Lt. Bradley. Bradley denied him permission to use the bathroom and had him return to his seat, whereupon Plaintiff defecated in his pants. Because Plaintiff had been wandering about unescorted, Bradley issued him a disciplinary ticket for unauthorized movement. A hearing committee comprised of Lt. Deen and C/O McBride found him guilty, resulting in a sanction of one month in segregation and reduction to C-grade for one month.

This punishment was upheld by Warden John Evans, Gene Purcell, B. Pickering, Jackie Miller and Director Walker.

Two claims are suggested by this scenario.[1] First, Plaintiff may be alleging that Bradley was deliberately indifference to his medical needs by denying his request to use a bathroom. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

---

[1] Plaintiff also includes a vague, conclusory allegation that these events occurred "to retaliate on me for having filed a lawsuit in the past against various staff." However, "merely alleg[ing] that the defendants had retaliated against him for filing a suit, without identifying the suit or the act or acts claimed to have constituted retaliation [is] insufficient." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

In the situation presented here, Plaintiff makes no allegation that Bradley acted with the requisite mental intent of deliberate indifference in denying his request to use a bathroom. Therefore, this Eighth Amendment claim against Bradley is dismissed with prejudice.

Plaintiff's second claim relates to the disciplinary proceeding that occurred on February 18. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation

of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit; this claim against Bradley, Deen, McBride, Evans, Purcell, Pickering, Miller and Walker, stemming from the February 15 ticket, is dismissed from this action with prejudice.

*Incident on July 8, 2005*

On July 8, 2005, Plaintiff was taken to Internal Affairs. While waiting, he got up to use the bathroom, whereupon C. Wheelan began questioning him about his purpose for being at the Internal Affairs office. Wheelan denied him access to the bathroom and slammed the door, which banged against Plaintiff's foot. Wheelan directed him back to his chair; Plaintiff defecated and urinated on himself. Lt. Bradley then arrived, and he questioned Plaintiff about two grievances filed earlier in the year regarding incidents on March 30 and May 30. Plaintiff was then directed back to his housing unit, where he cleaned himself. Plaintiff later received a disciplinary ticket from Wheelan that charged him with intimidation or threats, unauthorized movement, and disobeying a direct order. He was found guilty by Defendants Davenport and McBride, and he was punished with three months in segregation and three months reduction to C-grade. Through the grievance process, Plaintiff complained to Evans, Flagg, Wilson, Miller and Walker about this incident, to no avail.

Three potential claims are raised by these facts. First is a medical claim against Wheelan for refusing to allow him to use the bathroom. For the same reasons that a similar claim against Bradley was dismissed, above, this claim is also dismissed from this action with prejudice.

Similarly, Plaintiff's due process claim against Wheelan, Davenport, McBride, Evans, Flagg, Wilson, Miller and Walker regarding the disciplinary ticket and sanctions is dismissed from this action with prejudice.

Plaintiff's final claim in Count 1 is one of excessive force against Wheelan for slamming the bathroom door against his foot; he alleges that this action cracked a bone in his foot. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

At this point in the litigation, the Court is unable to dismiss this excessive force claim against Wheelan. *See* 28 U.S.C. § 1915A.

## COUNT 2

On March 30, 2005, Defendant B. Lind called Plaintiff out of the chow line and searched him. Lind found a pouch of unrolled tobacco in Plaintiff's pocket, which Lind had seen Plaintiff

accept from another inmate. After confiscating the tobacco, Plaintiff alleges that Lind struck him in the throat, punched him in the stomach, and kneed him in the groin, but then refused to get him medical attention. Plaintiff alleges that he advised Defendants Bebout, Fernandez and Townsley of Lind's actions; they also denied his request to be taken to the medical unit. The next day, Plaintiff received a disciplinary ticket written by Lind for trading and trafficking, as well as for possession of unauthorized property. At the hearing conducted by Defendants Deen and McWilliams, he was found guilty of the first charge and punished with one month's commissary restriction; that sanction was upheld by Defendants Evans, Pickering, Flagg and Wilson. Plaintiff later filed a grievance over these matters. He claims that Defendant Dean Blades failed to respond to the grievance regarding the disciplinary action, even though it was mailed in the same envelope with the grievance over Lind's actions.

Four claims are presented within this allegations. As already discussed with respect to the disciplinary actions challenged in Count 1, Plaintiff has no protected liberty interest in his commissary privilege. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Therefore, his due process claim against Lind, Deen, McWilliams, Evans, Pickering, Flagg and Wilson is dismissed from this action with prejudice.

Similarly, his allegations against Blades – failing to address his grievance over this matter – do not present a viable constitutional claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995) ( "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."); *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, this claim is also dismissed with prejudice.

Plaintiff's next claim is against Lind, Townsley, Bebout and Fernandez for denying his request to be taken to the medical unit. As stated above, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle*, 429 U.S. at 104. The allegations in the amended complaint do not support a claim that any of these defendants acted with the requisite mental intent of deliberate indifference. Furthermore, Plaintiff makes no allegation that he had a "serious medical need" as a result of the alleged brief assault from Lind. Therefore, he has not presented a viable Eighth Amendment claim regarding denial of medical treatment, and this claim is also dismissed from this action with prejudice.

Conversely, the Court is unable to dismiss Plaintiff's excessive force claim against Lind at this point in the litigation. 28 U.S.C. § 1915A. *See generally Hudson*, 503 U.S. at 6-7; *DeWalt*, 224 F.3d at 619.

## COUNT 3

Since his arrival at Pinckneyville, Plaintiff alleges that he has not been provided with hygiene items, leading to certain health problems. He believes that he is entitled to these items as an indigent inmate, as all of his state pay is garnished to pay for his legal copies and legal mailing expenses. He also claims that he was not provided with appropriate clothing for cold weather, leading to other health problems. Plaintiff holds T. Kisro, Dean Blades, John Evans, Jackie Miller and Roger Walker responsible for his suffering, as they denied his grievances and failed to provide him with a remedy to these complaints. He further blames the Business Office Supervisor, as that person would not approve him as an indigent based on an assessment of Plaintiff's financial situation.

The Seventh Circuit has recognized that dental care is "one of the most important medical

needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Furthermore, prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). Therefore, although sketchy, the Court is unable to dismiss this claim against Kisro, Blades, Evans, Miller and Walker at this time. *See* 28 U.S.C. § 1915A.

However, the Business Office Supervisor's actions do not suggest that he or she had any involvement in the decision regarding issuance of clothing or hygiene materials. Therefore, Plaintiff has presented no viable claim that this person was deliberately indifferent to his serious medical needs and, accordingly, the Business Office Supervisor is dismissed from this action with prejudice.

## COUNT 4

On May 30, 2005, C/O Robert Kelly threw Plaintiff's ID card at him, striking him in the eye. Kelly also kicked him in the groin. Plaintiff claims he had severe pain and bleeding from his penis, as well as double vision in the injured eye, yet Kelly refused his request for medical treatment. It appears that Plaintiff also received a disciplinary ticket from Kelly for unauthorized movement, for which he was punished with a one-month reduction to C-grade. Plaintiff filed a grievance over Kelly's actions, but he did not receive a favorable response from Jackie Miller, Director Walker, Warden Evans, or the grievance officer.

As stated above, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson*, 503 U.S. at 6-7; *DeWalt*, 224 F.3d at 619. Based on the allegations in the complaint, the Court is unable to dismiss this excessive force claim against Kelly at this point in the litigation. *See* 28 U.S.C. § 1915A. Nor can the Court dismiss

the claim against Kelly regarding denial of medical treatment. *See Estelle,* 429 U.S. at 106; *Jones,* 193 F.3d at 489.

However, as previously discussed, Plaintiff has no protected liberty interest in his grade level, or in receiving a favorable response to his grievances. Therefore, Plaintiff's due process claim against Kelly, Miller, Evans, Purcell and Walker is dismissed from this action with prejudice.

**COUNT 5**

Plaintiff claims that since his arrival at Pinckneyville in January 2005, he has been assigned to a single-man cell due to his classification as a bisexual predator. Plaintiff is upset about this classification, and he alleges that he previously filed a lawsuit over this matter. *See Ford v. O'Leary*, Case No. 95-cv-1419-JBM (C.D. Ill., filed Oct. 30, 1995).[2] He asserts that he was the prevailing party in that action and, out of retaliation for his victory, Defendants Evans, Wilson, Flagg, Pickering, Lutz, Purcell, Miller, Walker and an Unknown Placement Officer have continued to label him as a bisexual predator and deny him the companionship of a cell mate.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

---

[2] The case file for that action has been archived and is not readily available to this Court. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records of that prior action. Plaintiff is correct that he won a judgment of $5,000, jointly and severally, against seven named defendants in that action. However, it appears that judgment was entered in his favor regarding his claim of retaliation; judgment was entered *against* Plaintiff on his claim of equal protection and disparate treatment due to his classification as a bisexual predator. *Id.* at Docs. 140-41.

Based on these standards, the Court is unable to dismiss any portion of Count 5 at this point in the litigation.  *See* 28 U.S.C. § 1915A.

**C<small>OUNT</small> 6**

On July 15, 2005, C/O G. James escorted Plaintiff to the shower.  Plaintiff alleges that James "began to caress [his] buttock" while handcuffing him, and that James made sexually suggestive remarks.  Later, while conducting an inmate count, Plaintiff refused to get out of bed to comply with a new policy, effective July 1, 2005, which requires that an inmate physically present himself to the door of his cell and provide a verbal response to the officer conducting an inmate count.  When Plaintiff refused to present himself as required, James wrote a disciplinary report which charged him with insolence and disobeying a direct order.  He was found guilty by Brett Klindworth and C/O McBride, who punished him with three months in segregation and a three-month reduction to C-grade.  His appeals and grievances over this matter were rejected by Evans, Benton, Walker and Purcell.

Once again, Plaintiff has no liberty interest in his grade level or in remaining in general population.  Therefore, his due process claim against James, Klindworth, McBride, Evans, Benton, Walker and Purcell is dismissed from this action with prejudice.

As for his allegations regarding James's verbal harassment and buttock caress, the Court does not condone such behavior.  However, such an isolated incident, assuming it occurred, although unprofessional, would not give rise to an Eighth Amendment claim.  *See, e.g., DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).  Accordingly, this claim against James is also dismissed from this action with prejudice.

**OTHER DEFENDANTS**

The only mention of C/O Frieman is found in Count 2. After the incident with Lind, Frieman escorted Plaintiff to his cell. During that walk, Frieman allegedly told him that he should not have filed a lawsuit against Frieman; no other allegations are made against Frieman. These allegations do not present even a hint of a viable constitutional claim against Frieman; accordingly, Frieman is dismissed from this action with prejudice.

The same analysis applies to the allegations against Lt. Potts. In Count 1, his name is briefly mentioned, but there are no allegations made against him. Again, in Count 2, his name is mentioned, but the Court cannot discern what his involvement, if any, was in the incident involving Lind. Therefore, Potts is also dismissed from this action with prejudice.

Also included in the docket is Officer Wilber, but the Court finds no mention of such a person in the amended complaint. Perhaps this name was listed in the docket due to a clerical error, by misreading "Officer Wilber 'Gene' Purcell" as two people, "Officer Wilber" and "Gene Purcell." At any rate, no allegations are made against Wilber, and he is dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 6** is **DISMISSED** in its entirety from this action with prejudice.

**IT IS FURTHER ORDERED** that the due process and medical care claims in **COUNT 1** and **COUNT 2**, and the due process claims in **COUNT 4**, are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BEBOUT, BENTON, BRADLEY,**

**DAVENPORT, DEEN, FERNANDEZ, FRIEMAN, JAMES, KLINDWORTH, McBRIDE, McWILLIAMS, POTTS, TOWNSLEY, WILBER,** and **UNKNOWN BUSINESS OFFICE SUPERVISOR** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BLADES, EVANS, FLAGG, KELLY, KISRO, LIND, LUTZ, MILLER, PICKERING, PURCELL, WALKER, WHEELAN, WILSON** and **UNKNOWN PLACEMENT SUPERVISOR**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BLADES, EVANS, FLAGG, KELLY, KISRO, LIND, LUTZ, MILLER, PICKERING, PURCELL, WALKER, WHEELAN, WILSON** and **UNKNOWN PLACEMENT SUPERVISOR** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 16, 2006**

*s/ WILLIAM D. STIEHL*
**DISTRICT JUDGE**