IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BOBBY FORD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **05-585 - WDS** |
| | ) | |
| **DIRECTOR WALKER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Plaintiff's Motion for Summary Judgment in Response to Defendants' Answer. **(Doc. 27).** Defendants filed a response in opposition. **(Doc. 34)**. Plaintiff then filed a reply. **(Doc. 36)**.

### Nature of Plaintiff's Claim

Plaintiff, a prisoner in the custody of the Illinois Department of Corrections, brings this suit under **42 U.S.C. §1983**. After preliminary review, the following claims are pending:

- Count 1: against Wheelan for use of excessive force in slamming the bathroom door against plaintiff's foot on July 8, 2005;

- Count 2: against Lind for use of excessive force after Lind called him out of the chow line and questioned him about possession of contraband on March 30, 2005,

- Count 3: against Kisro, Blades, Evans, Miller and Walker for failure to provide him with adequate hygiene supplies and adequate clothing;

- Count 4: against Kelly for use of excessive force on May 30, 2005;

- Count 5: against Evans, Wilson, Flagg, Pickering, Lutz, Purcell, Miller, and Walker

for retaliation against plaintiff for filing a previous lawsuit.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);  see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

Even in the absence of a dispute as to the material facts, the moving party must demonstrate that it is entitled to judgment as a matter of law. "Thus, even where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.' [internal citations omitted]" *Johnson v. Gudmundsson*, **35 F.3d 1104, 1112 (7th Cir. 1994).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v. Duckworth*, **644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

Plaintiff's motion is predicated on a misunderstanding of the procedural rules. He begins his motion by arguing that defendants are deemed to have admitted  certain of the allegations in the amended complaint because they repeatedly stated in their answer that they "lack sufficient

knowledge to either admit or deny" various allegations. Plaintiff believes that this amounts to an admission under **Rule 8(d)**, which states that averments "are admitted when not denied." He is incorrect.

      **Fed.R.Civ.P. 8(b)** states in relevant part as follows:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

      Defendants are entitled to plead in their answer that they lack sufficient knowledge to either admit or deny an allegation. Such an answer is not deemed to be an admission of the allegations of the complaint.

      Plaintiff also cites this district's local rule 7.1(c) in support of this argument. That rule concerns failure to respond to a dispositive motion. Defendants did respond to the motion, so that rule has no application here.

      In his reply, **Doc. 36**, plaintiff argues that the facts set forth in his "statement of undisputed facts" are deemed to be admitted because defendants have failed to respond to them, citing local rule 56.1. However, this district does not have a local rule 56.1. Some districts have or at one time had such a rule, but there is no provision in either this district's local rules or in the Federal Rules of Civil Procedure which requires or authorizes a "statement of undisputed facts" that would operate in this fashion.[1]

      It is obvious that plaintiff's motion must be denied because there are a multitude of disputed facts. Defendants have attached affidavits and other documents to their response, **Doc.**

---

[1] This court at one time utilized a motion packet procedure on summary judgment which included a *joint* statement of undisputed facts, but that rule is no longer in effect.

**37**, which are more than adequate to establish that there are genuine issues as to the material facts regarding every pending count.

Lastly, plaintiff's motion contains allegations and arguments relating to claims that were dismissed on preliminary review. For instance, he claims in his motion and in his reply that it has been established that he was denied medical treatment on March 30, 2005, May 30, 2005, and July 8, 2005. **See, Doc. 27, p. 18, and Doc. 36, pp. 107**. However, the claims for denial of medical treatment were dismissed on preliminary review and cannot provide grounds for summary judgment.

## Recommendation

This Court recommends that Plaintiff's Motion for Summary Judgment in Response to Defendants' Answer **(Doc. 27)** be **DENIED.**

Objections to this Report and Recommendation must be filed on or before **June 14, 2007.**

Submitted: May 25, 2007.

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**