IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BOBBY FORD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **05-585 - WDS** |
| | ) | |
| **DIRECTOR WALKER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Motion for Summary Judgment. **(Doc. 44)**. The motion includes a supporting brief and exhibits. Defendants served the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **See, Doc. 45.** Plaintiff filed a response at **Doc. 46.** Defendants filed a reply at **Doc. 47**, to which plaintiff filed a sur-reply at **Doc. 48**.[1]

## Nature of Plaintiff's Claim

Plaintiff, a prisoner in the custody of the Illinois Department of Corrections, brings this suit under **42 U.S.C. §1983**. After preliminary review **(Doc. 10)**, the following claims are pending:

Count 1: against Wheelan for use of excessive force in slamming the bathroom door against plaintiff's foot on July 8, 2005;

Count 2: against Lind for use of excessive force after Lind called him out of the chow line and questioned him about possession of contraband on March

---

[1] In view of plaintiff's pro se status, the court denied defendants' motion to strike the sur-reply.

-1-

>30, 2005,

Count 3: against Kisro, Blades, Evans, Miller and Walker for denying his grievances about not receiving adequate hygiene supplies and adequate clothing;

Count 4: against Kelly for use of excessive force and deliberate indifference to his serious medical needs on May 30, 2005;

Count 5: against Evans, Wilson, Flagg, Pickering, Lutz, Purcell, Miller, and Walker for retaliation against plaintiff for filing a previous lawsuit.

Defendants move for summary judgment on Counts 3 and 5.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

Even in the absence of a dispute as to the material facts, the moving party must demonstrate that it is entitled to judgment as a matter of law. "Thus, even where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.' [internal citations omitted]" ***Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. **Duncan v. Duckworth**, 644 F.2d 653, 655 (7th Cir.1981).

## Analysis

As to Count 3, defendants argue that the record establishes that Kisro, Blades, Evans, Miller, and Walker did not improperly deny plaintiff access to hygiene items and appropriate cold-weather clothing.

The record establishes that plaintiff received the standard clothing bag upon his arrival at Pinckneyville. The standard clothing bag contained three shirts, three pants, three pairs of underwear, three pairs of socks, a mattress cover, one lined coat, one stocking hat, boots, shoes, two towels, two washcloths, one pillowcase, two sheets, two blankets, three razors, and hygiene items. **Doc. 44, Ex. A.**

After the initial bag, plaintiff was responsible for purchasing his own hygiene items; at Pinckneyville, hygiene items are given to the inmate only if he is declared indigent. He was also informed that he could purchase extra clothing items in the commissary. According to the affidavit of Lynn Brand, Business Manager at Pinckneyville, plaintiff did not meet the criteria to be declared indigent during his incarceration at Pinckneyville. **Doc. 44, Ex. B**.

In response, plaintiff argues that he was, in fact, indigent and he was denied commissary purchases due to that fact. **See, Doc. 46, pp. 11-14.** Although he received state pay, plaintiff says that he never had any money because it was always taken to pay his charges for copies and postage.

Plaintiff's claim in Count 3 is against individuals who denied his grievances about not receiving free hygiene items or being given additional items of clothing. Although he attempted to state a claim against the "Business Office Supervisor," the court dismissed same on

preliminary review. **See, Doc. 10, p. 9.** The individuals who have been named in this Count, Kisro, Blades, Evans, Miller, and Walker, simply handled the grievances.

Plaintiff alleges that he sent a grievance to Blades, a grievance counselor, on March 30, 2005, but Blades did not respond. That allegation does not state a claim, as a prison inmate has no constitutional right to have his grievance addressed. **See,** ***Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001);** ***Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).**

A grievance dated April 6, 2005, about not receiving free hygiene items, is attached to the original complaint. Defendant Kisro wrote the counselor's response, which states that plaintiff is receiving state pay and is "not currently on the indigent list." Defendant Evans, who was the warden, recommended that the grievance be denied. Plaintiff alleges that Grievance Officer Blades, defendant Miller and Walker denied the grievance.

Brand's affidavit establishes that plaintiff was not declared indigent. Plaintiff does not claim that he was, in fact, so declared. At most, he claims that he should have been declared indigent, but was not. However, the defendants named in Count 3 were not individuals who handled the placing of inmates on the indigent list. They denied his grievance because plaintiff was not on the indigent list. The denial of the grievance did not violate plaintiff's constitutional rights.

There is no vicarious liability in a Section 1983 case. "Only persons who cause or participate in the violations are responsible. . . . Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." ***George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007)[internal citations omitted].** All defendant are entitled to summary judgment on the Count 3.

Defendant Walker is entitled to judgment for the additional reason that he did not

personally review or handle plaintiff' grievances. **See, Doc. 44, Ex. H**. The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.** The Director of the IDOC may designate a subordinate to perform his duties of reviewing inmate grievances. 20 IL ADC § 504.805(a). It is evident that the Director did so in this case, as the responses to grievances attached to the complaint clearly indicate that Walker's signatures were written by his designee. Thus, Walker had no personal involvement and is entitled to judgment for that reason also. **See, *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006).**

In Count 5, plaintiff alleges that, upon his arrival at Pinckneyville in January, 2005, he was placed in a single-man cell because he was labeled a "bisexual predator." He alleges that this was done to retaliate against him for bringing (and winning) a previous lawsuit in the Central District of Illinois. He alleges that defendants Evans, Wilson, Flagg, Pickering, Lutz, Pursell, Miller, and Walker failed to "remedy this placement of me as a bisexual predator and kept me on this discriminatory single status." **See, Doc. 4, ¶20.** He alleges that "defendants" denied his grievance on this issue, and that he personally spoke to Evans, Wilson, and Flagg. **Doc. 4, ¶21**.

Defendants' argument is, first, the identification of plaintiff as bisexual is irrelevant because housing assignments are not made on the basis of sexual orientation. **Doc. 44, Ex. G**. The relevant information is that plaintiff was categorized as a predator. Classification as a predator mandates single celling unless otherwise approved by the Program Coordinator of the facility, or the Warden. **Doc. 44, Ex. D**. Defendants argue that none of them were responsible for placing plaintiff in that category. Rather, he was placed in that category as a result of an intake mental health evaluation on December 17, 2004. That evaluation, **Doc. 44, Ex. E**, notes that plaintiff was previously classified as a predator at Menard in 1997.

To the extent that plaintiff is claiming that defendants refused to re-classify him, defendants argue that the record establishes that plaintiff loses because the result would have been the same absent a retaliatory motive, citing **Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274 , 287 (1977).** This court agrees.

The record establishes that plaintiff was classified as a predator in 1997, and again in 2004. In addition, a double-celling review was completed in October, 2004, while plaintiff was incarcerated at Stateville, just a few months before he was transferred to Pinckneyville. **Doc. 44, Ex. F.** That review resulted in a recommendation that plaintiff *not* be double-celled because of his history of multiple staff and inmate assaults. That history is verified by a copy of plaintiff's disciplinary history attached to **Doc. 39**. There are numerous assaults on staff and other inmates listed on the disciplinary history. Because a history of staff and inmate assaults militates against double-celling, the result would have been the same.

On this record, plaintiff cannot demonstrate that his single-cell status would have been changed by defendants in 2005 absent a retaliatory motive. Defendants are entitled to summary judgment on Count 5 also. Defendant Walker is entitled to judgment for the additional reason that did not personally handle plaintiff's grievances. **See, Doc. 44, Ex. H**.

### Recommendation

This Court recommends that Defendants' Motion for Summary Judgment **(Doc. 44)** be **GRANTED**. Judgment should be granted in favor of defendants Kisro, Blades, Evans, Miller and Walker on Count 2, and in favor of defendants Evans, Wilson, Flagg, Pickering, Lutz, Pursell, Miller, and Walker on Count 5.

If this recommendation is adopted, the following claims will remain pending:

Count 1: against Wheelan for use of excessive force in slamming the bathroom door against plaintiff's foot on July 8, 2005;

Count 2: against Lind for use of excessive force after Lind called him out of the chow line and questioned him about possession of contraband on March 30, 2005; and

Count 4: against Kelly for use of excessive force and deliberate indifference to his serious medical needs on May 30, 2005.

Objections to this Report and Recommendation must be filed on or before **March 13, 2008.**

**Submitted: February 25, 2008.**

                                                 **s/ Clifford J. Proud**
                                                 **CLIFFORD J. PROUD**
                                                 **U. S. MAGISTRATE JUDGE**