IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BOBBY FORD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **05-585 - WDS** |
| | ) | |
| **DIRECTOR WALKER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion for Leave to Take Additional Discovery. **(Doc. 67)**.

On June 12, 2008, this court appointed counsel for purposes of trial only. **See, Doc. 63.** Counsel has now filed the instant motion on behalf of plaintiff.

Mr. Ford is not an inexperienced litigator. Since 1995, he has filed seven cases in this court. Plaintiff undertook discovery in this case before counsel was appointed. See, for example, the exhibits attached to **Doc. 39**. After several extensions, discovery closed on July 9, 2007. **(Doc. 43)**.

The claims remaining for trial arise out of three separate alleged instances of excessive force. Counsel proposes to undertake additional discovery consisting of depositions of the witnesses identified by defendants in the final pretrial order, and written discovery to obtain documents reflecting similar incidents involving defendants, the identities of two medical personnel that treated plaintiff, and any surveillance video showing the alleged incidents.

Counsel need not take the depositions of the witnesses. Rather, he can simply interview them. Obviously, defense counsel would have to be present during any interviews of defendants.

1

Likewise, a formal discovery request is not needed to obtain the names of the medical personnel who treated plaintiff, as counsel can simply obtain plaintiff's medical records from the IDOC by presenting an authorization signed by plaintiff. The court will not permit written discovery to seek documents reflecting similar incidents involving defendants, as such documents are not admissible and are not likely to lead to the discovery of admissible evidence. See, **Fed.R.Evid 404(b)**; ***Okai v. Verfuth***, **275 F.3d 606, 610 (7th Cir. 2001)**.

Lastly, if videotapes of the incidents in issue exist, they should have already been identified and/or produced as part of defendants' initial disclosures. **See, Doc. 28.** If such videotapes exist and have not already been produced, defendants are ordered to produce them within ten days of this order.

Upon consideration and for good cause shown, plaintiff's Motion for Leave to Take Additional Discovery **(Doc. 67)** is **GRANTED in part and DENIED in part as set forth above**. Defendants' counsel is directed to facilitate any interviews which plaintiff's counsel may wish to conduct at an IDOC facility.

**IT IS SO ORDERED.**

**DATE: July 31, 2008.**

                                             **s/ Clifford J. Proud**
                                             **CLIFFORD J. PROUD**
                                             **UNITED STATES MAGISTRATE JUDGE**