IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:05-cv-585-DGW ) |
| B. LIND, C/O KELLY, and CLAY WHEELAN, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

On June 5, 2009, Jason Bradley, who had been issued a subpoena to appear as a witness in the trial of this matter, filed a Motion to Quash the Subpoena (Doc. 101). Officer Bradley argued that the subpoena imposed an undue burden on him because he will be out of the state on the date of trial. The Court held a final pretrial conference in this matter on June 8, 2009, and, over Plaintiff's objections, granted the Motion to Quash Subpoena from the bench (Doc. 102). The Court granted Plaintiff leave to file a motion to reconsider the ruling, which Plaintiff did. That motion is now pending (Doc. 104).

### DISCUSSION

Plaintiff argues that Officer Bradley's in person testimony is necessary because he was involved in a similar altercation (not at issue in this action) with Plaintiff one month before one of the incidents of alleged excessive force in this case. Plaintiff filed a grievance regarding that incident against Officer Bradley. Plaintiff argues, therefore, that Officer Bradley's testimony is relevant to show retaliatory motive on the part of the Defendants. Plaintiff further argues that Officer Bradley summoned Plaintiff to Pinckneyville's Internal Affairs office on July 8, 2005, which was the location of one of the alleged incidents of excessive force. Officer Bradley also investigated

disciplinary reports and grievances regarding two of the incidents at issue in the case. Finally, Plaintiff contends that he will be prejudiced without Officer Bradley's live testimony at trial (Doc. 104).

In response, Officer Bradley points out that the Court dismissed him as a defendant in the action at the initial screening of the complaint (Doc. 10), and that the Court has dismissed all claims of retaliation. His testimony, therefore, will be of limited relevance. Officer Bradley also argues that Plaintiff will suffer no prejudice because he will be able to show a videotape of Officer Bradley's testimony at trial (Doc. 105).

Based on these filings, the Court does not believe its original ruling granting the motion to quash the subpoena should be overturned. Plaintiff will walk a fine line at trial in raising the issue of retaliation. While Plaintiff may touch on retaliation as motive, his use of the theory will be limited because no question of retaliation may be presented to the jury. All claims of unconstitutional retaliation have been dismissed from the action. Thus, Officer Bradley's testimony may not be as essential as Plaintiff purports. The issues to be presented to the jury are whether Defendants used force against Plaintiff and whether the force was used in a good faith effort to maintain security or discipline. *See* Seventh Circuit Pattern Jury Instruction 7.15. Because Officer Bradley is not a defendant and did not participate or observe any of the alleged acts, his testimony is not so critical to the issues of fact in the case that Plaintiff would be prejudiced by introduction of his testimony by videotape instead of in person. Accordingly, Plaintiff's request to overturn its ruling quashing the subpoena is denied.

Plaintiff asks that the costs of the videotaped deposition of Officer Bradley be taxed to Defendants. This request is also denied. Because the Court appointed counsel to represent Plaintiff,

the Court provides for reimbursement of some of the costs at the conclusion of the case.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration of the Order Granting the Motion to Quash (Doc. 104) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 11, 2009**

s / Donald G. Wilkerson<br>
**DONALD G. WILKERSON**<br>
**United States Magistrate Judge**